## August William Lewis Becker *vs.* Isaac White-hill, Jr.

*Practice—Plea of Discharge under the Insolvent Laws—Form of Judgment for Defendant—Art. 48, of the Code.*

In an action of *assumpsit* for goods bargained and sold, the defendant pleaded his discharge under the Insolvent Laws. To this plea the plaintiff filed a replication of *nul tiel record.* HELD:

That the issue upon the replication was one solely for the determination of the Court, and if the Court found upon an inspection of the record of proceedings in insolvency, that the defendant had been discharged under the Insolvent Laws, judgment should be entered for the defendant, without qualification; and that the plea of discharge in insolvency being a bar to the action, the right and remedy of the creditor would be against the trustee in the Insolvent Court.

In providing that judgment creditors may take in execution property of the insolvent not mentioned in the schedule, and thereby acquire priority in the proceeds of such property, the Code, Art. 48, means creditors who have obtained judgments against the insolvent, prior to the filing of his petition, because under the plea of discharge in insolvency, no judgment can be recovered against him.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court. The judgment of the Court below was, for the plaintiff for $162, with interest thereon from date until paid and costs, subject to the defendant's discharge in insolvency.

The cause was argued before BOWIE, GRASON, MILLER, ROBINSON and IRVING, J.

*Lewis Hochheimer*, for the appellant.

*M. Star Weil*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

In an action of *assumpsit* for goods bargained and sold, the appellee pleaded his discharge under the insolvent laws.

To this plea, the appellant filed a replication of *nul tiel record*. The issue upon the replication was one solely for the determination of the Court, and depended entirely upon the record of proceedings in insolvency. If the Court found upon an inspection of the record that the appellee had been discharged under the insolvent laws, the judgment should have been entered for the defendant, without any qualification. The discharge was a bar to the action. Being then an issue solely for the determination of the Court, we must in view of the Judge's certificate treat it in this appeal, as having been decided by the Court, and not, as the appellant contends, submitted to the finding of the jury.

Where the defendant pleaded his discharge under the insolvent laws, it was the practice under the Act of 1805 and its supplements, to enter the judgment for the defendant, *subject to his discharge in insolvency*, because property subsequently acquired by the insolvent in the manner prescribed by the Act, still remained liable in his hands

for the payment of antecedent debts. By the Act of 1834, ch. 293, such property was vested in the trustee and not in the insolvent, and creditors were required to pursue their remedies against the trustee in the insolvent Court. Accordingly in State use of *Buckey vs. Cutter*, 18 *Md.*, 418, where the judgment was entered for the defendant, under a plea of discharge in insolvency, the plaintiff appealed, and contended that the judgment ought to have been entered subject to the defendant's discharge under the insolvent laws. The Court, however held, that under the Act of 1834, the plea was a bar to the action, and the judgment was therefore properly entered for the defendant.

Under the Code, Art. 48, "all the property of every description, rights and claims of the insolvent," whether named in the schedule or not, *vest in the trustee* for the benefit of creditors, and the discharge of the insolvent releases him from " all debts and contracts made before the filing of his petition."

It provides it is true, that property not mentioned in the schedule, and not exempted by law, may be taken under a *fieri facias or attachment* at the suit of any creditor, but it also expressly declares, that the right and title of the trustee to such property shall not in any manner be thereby impaired, and that the execution shall only operate to give the judgment creditor, who shall discover such property a *priority* to be paid out of the proceeds thereof.

The property of the insolvent of every kind is thus vested in the trustee, and his discharge releases him from all debts contracted prior to his application for the benefit of the insolvent laws. The rights and remedies of creditors must therefore be pursued against the trustee in the Insolvent Court.

The provisions of the Code in this respect are the same as the provisions of the Act of 1834, and under the decision in *Buckey's Case* the plea of discharge in insolvency

is a bar to the action. The judgment in such cases should be entered for the defendant, and not entered subject to his discharge under the insolvent laws.

In providing that judgment creditors may take in execution property of the insolvent not mentioned in the schedule, and thereby acquire priority in the proceeds of such property, the Code means creditors who have obtained judgments against the insolvent prior to the filing of his petition, because under the plea of discharge in insolvency no judgment can be recovered against him.

The judgment below must be reversed and final judgment entered by this Court for the defendant.

> *Judgment reversed, and*
> *judgment for defendant.*

(Decided 16th March, 1881.)